Stellita S. **RENCHARD** et al.,
Plaintiffs,

v.

**HUMPHREYS & HARDING, INC.**, et al.,
Defendants.

Civ. A. No. 2128-72.

United States District Court,
District of Columbia.

May 22, 1973.

Craig S. Bamberger, Rexford T. Brown, Washington, D. C., for defendant, Olavo Redig de Campos.

Charles C. Glover, III, Charles E. Hill, Washington, D. C., for plaintiffs.

## MEMORANDUM OPINION AND ORDER

FLANNERY, District Judge.

This matter is before the court on the motions filed by the defendant Federative Republic of Brazil to quash the return of service and to dismiss the complaint, to dismiss the cross-claim of defendant Leo A. Daly Company, and to dismiss the cross-claim of defendant Booth and Associates. The court has considered the memoranda submitted in support of and in opposition to these motions.

The only question before the court is whether there was adequate service of process upon the defendant Federative Republic of Brazil. This question does not involve any question of sovereign immunity, and, therefore, pursuant to the suggestion of counsel for both parties, the court will reserve judgment on

the issue of sovereign immunity pending receipt of advice on that issue from the Department of State.

■ The plaintiff used three separate procedures to serve the summons and complaint upon the Government of Brazil: (1) service upon the attorney for the Government of Brazil with whom the plaintiff had dealt previously with respect to the subject matter of the action; (2) service by registered mail upon the Embassy of Brazil in Washington, D. C.; and (3) service by registered mail upon the Ministry of External Relations of the Government of Brazil in Brazilia. There is no question concerning the actual receipt of the summons and complaint by the Government of Brazil. Rather, the Government of Brazil challenges only the methods of service used by the plaintiff. For the reasons set forth below, the court upholds service upon the Government of Brazil by registered mail to the Embassy and by registered mail to the Ministry of External Relations in Brazilia.

In Petrol Shipping Corp. v. Kingdom of Greece, 360 F.2d 103 (2d Cir.), cert. denied, 385 U.S. 931, 87 S.Ct. 291, 17 L.Ed.2d 213 (1966), the Court of Appeals for the Second Circuit concluded that Fed.R.Civ.P. 4 failed to provide a means of service upon a foreign government. *Id.* 360 F.2d at 107–108, 109–110. Consequently, pursuant to Fed.R.Civ.P. 83, the court sanctioned the service on defendant by ordinary mail addressed to its New York office. *Id.* It is significant that the court did not base its decision on any finding of consent to service. See *id.* at 109 n. 2.

■ Although the *Petrol* approach to service on a foreign government has received favorable comment, see 4 Wright & Miller, Federal Practice and Procedure § 1083 (1969); Miller, Service of Process on State, Local and Foreign Governments under Rule 4, Federal Rules of Civil Procedure—Some Unfinished Business for the Rulemakers, 46 F.R.D. 101, 132, 134 (1969), the defendant argues that the *Petrol* decision is logically untenable because Rules 4(e) and 4(i) do provide for service on a foreign government, but only if it is not "found within" the state. See Note, 8 Harv.Int'l L.J. 182, 190 (1967). However, the difficulty in applying Rules 4(e) and 4(i) to the present case strengthens the conclusion that Rule 4 was not intended to apply to service on a foreign government. In order to uphold service under Rules 4(e) and 4(i), the court would have to decide whether the embassy territory, although located physically within the District of Columbia, is nevertheless not "found within" the District for the purpose of Rule 4 because personal service cannot be effected within the embassy. See generally W. Bishop, International Law 594–95 (1962). Furthermore, since Rules 4(e) and 4(i) refer to the personal jurisdiction statutes of the state, the court would have to decide whether the Government of Brazil is a "person" within the meaning of D.C. Code §§ 13–423, 13–431 (Supp. V, 1972). The very existence of these difficult and esoteric questions suggests that Rule 4 was not intended to provide a means of service upon a foreign government. See also Miller, *supra* at 134. Therefore, the court concludes that the *Petrol* decision's interpretation of Rules 4 and 83 provides a logically sound answer to the question of service on a foreign government.

Pursuant to the authority of Fed.R.Civ.P. 83 as explained in the *Petrol* decision, the court upholds the service of process upon the Government of Brazil by registered mail delivered to the Ministry of External Relations in Brazilia and by registered mail to the Embassy of Brazil in Washington, D. C. Both of these methods of service are reasonably calculated to provide adequate notice of the action, see Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950),

and registered mail is a method of service which is authorized in some circumstances by Fed.R.Civ.P. 4.

The decision by the Court of Appeals for the District of Columbia Circuit in Hellenic Lines, Ltd. v. Moore, 120 U.S. App.D.C. 288, 345 F.2d 978 (1965), does not prevent this court from sanctioning the service of process by registered mail upon the embassy. In that decision the court upheld the marshal's refusal to serve upon an ambassador a summons addressed to the ambassador's country. Acting on the advice of the State Department, the court held that such service would violate the ambassador's diplomatic immunity. However, the court emphasized that the doctrine of diplomatic immunity should not be invoked "in a novel situation unless its purposes will certainly be served." *Id.* at 980.

■ The purposes of diplomatic immunity are not violated by registered mail service upon the embassy. Unlike the situation where a federal marshal attempts service upon an ambassador personally, the delivery of a letter to the embassy does not affront the ambassador's personal dignity. Nor does registered mail service cause public embarrassment to the ambassador or cause him to restrict his movements to avoid being served with process. Although receipt of registered mail service may cause the ambassador to divert some time from his diplomatic functions, this objection is unrealistic in the modern world of diplomatic relations. A large embassy like Brazil's is similar to a modern business operation. The ambassador has a sizeable and competent staff to handle many routine matters. Indeed, it is likely that a summons and complaint received in the mail would be sent directly to the embassy's retained law firm without even coming to the ambassador's attention. Finally, the court is

not persuaded that mere notice of a lawsuit by registered mail service could seriously jeopardize the friendly relationship between the United States and Brazil. In any event, a foreign relations objection is better presented by a claim of sovereign immunity than by an objection to the means of serving notice on the defendant.

The factual setting of this action presents a compelling case for upholding service upon the embassy. The plaintiff, a District of Columbia resident, alleges damage to his home which allegedly resulted from the construction of the Brazilian Embassy in the District of Columbia. Thus, unlike the factual setting of the *Hellenic* decision, the maintenance of this action will not tend to make the court an "international court of claims." *Id.* at 984 (Washington, J., concurring). The present situation more closely resembles the *Petrol* case where service was made upon the branch of the foreign government which was involved directly in the action. See Petrol Shipping Corp. v. Kingdom of Greece, *supra*, 360 F.2d at 110.

The Government of Brazil has not been prejudiced by the plaintiff's inadvertent error which resulted in a minor misnomer of the defendant. Such error has been corrected by the accompanying order granting the plaintiff's Motion for Leave to File Amendment to Complaint and to Amend Process.

Ordered that the motions filed by defendant Federative Republic of Brazil to quash the return of service, to dismiss the complaint, and to dismiss the cross-claims of defendants Leo A. Daly Company and Booth and Associates be, and they hereby are, denied without prejudice to the filling of subsequent motions to dismiss in light of any determination which the Department of State may make.